UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES WILLIAMS, Individually and On
Behalf of All Others Similarly Situated,

Plaintiff,

v.                                                              C.A. No:

THE STOP & SHOP SUPERMARKET
COMPANY, LLC and AHOLD DELHAIZE
USA, INC.,

Defendants.

## CLASS ACTION COMPLAINT

### Introduction

Plaintiff, James Williams ("Plaintiff" or "Williams"), by and through his undersigned

counsel of record, on behalf of himself and all others similarly situated, submits this class action

complaint ("Complaint") against Defendants The Stop & Shop Supermarket Company, LLC  and

Ahold Delhaize, Inc., (collectively, "Stop & Shop" or "Defendants"), and based upon personal

knowledge as to his own acts and circumstances and based upon information and belief as to all

other matters, alleges as follows.

1.      This case pertains to false, deceptive, and misleading pricing at Stop & Shop

stores for a particular product, a family size (8 lb.) bag of Stop & Shop store brand navel oranges

(the "Product").

2.      Stop & Shop unfairly and deceptively advertised on its website that the Product

would be sold for one price at all Stop & Shop stores while contemporaneously selling the

Product at its stores for a higher price.  The web prices and the in-store prices varied slightly

among the Stop & Shop stores, but generally, the in-store prices were approximately $3.00 higher than the prices advertised on the website for the Product.

3.      Stop & Shop's website advertised prices for the Product were clearly communicated as prices for in-store purchases as well as online purchases; nowhere were these prices identified as online-only prices.

4.      The in-store displays for the Product posted the higher item price without any disclosure of the lower prices advertised on the website.

5.      Accordingly, Stop & Shop's pricing practices for the Product were deceptive in at least two different ways.  Purchasers of the Product who saw the lower price posted on the website were led to believe that they could purchase the Product for that same price at the store, and when they went to the store, they faced the choice of paying the higher store price or spending additional time and money engaging in comparison shopping. If these purchasers asked Stop & Shop personnel at the store about the web price, they were told that the store would not honor the lower web price.  Purchasers who went to the store without having viewed the website and saw the Product display with the higher posted store price were deceived because there was no disclosure of the lower advertised web price.

6.      For the purchasers who viewed the website and saw the web advertised price, Stop & Shop's website prices for the Product constituted a form of "bait and switch" pricing in which Stop & Shop advertised the Product with an intent not to sell it as advertised.

7.      In addition to being deceptive, this bait and switch pricing scheme was also an unfair practice; it is immoral, oppressive, unethical, and/or unscrupulous because it leaves the consumer with little or choice, in this case, a choice between two unfavorable alternatives (as noted above).

8.      Plaintiff and members of the Class (as defined below) were injured by Defendants' unfair and deceptive practices when they paid the higher than advertised price for the Product.

## Parties

9.      Plaintiff is an individual residing in Bridgeport, Connecticut.

10.     Defendant, The Stop & Shop Supermarket Company, LLC is a for-profit limited liability company, organized under the laws of Delaware and registered to do business in Massachusetts, with a principal place of business at 1385 Hancock Street, Quincy, Massachusetts 02169.  Stop & Shop Company is owned by Ahold Delhaize USA, Inc., which is a subsidiary of Koninklijke Ahold Delhaize N.V., based in the Netherlands.

11.     Defendant Ahold Delhaize USA, Inc. ("Ahold Delhaize") is a for-profit corporation, organized under the laws of Delaware and registered to do business in Massachusetts, with a principal place of business at 1385 Hancock Street, Quincy, Massachusetts 02169.  Ahold Delhaize is one of the largest supermarket operators in the United States, operating more than 2,000 grocery stores under the retail banners Stop & Shop, Giant Food, Giant/Martin's, Food Lion, and Hannaford.

## Jurisdiction and Venue

12.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 Class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from that of Defendants.

13.     This Court has personal jurisdiction over Defendants pursuant to G. L. c. 223A, § 3(a), because Defendants have their principal places of business in the Commonwealth of Massachusetts, are registered to do business in Massachusetts, and own and/or operate retail grocery stores in Massachusetts.

14.     Pursuant to 28 U.S.C. § 1391, venue is proper in this Court because: Defendants have their principal places of business in Massachusetts, are registered to do business in Massachusetts, and own and/or operate retail grocery stores in Massachusetts.

### Relevant Facts

15.     Stop & Shop operates 397 retail grocery stores (under the Stop & Shop brand) in five states: Connecticut (88); Massachusetts (125); New Jersey (57); and New York (100); and Rhode Island (27).[1]

16.     The Stop & Shop stores sell numerous food, beverage, health and beauty, and household items (including the Product) to consumers in the Northeast United States.

17.     During the period from August 9, 2020 through the present, Stop & Shop engaged in a practice of unfair and deceptive pricing, whereby Stop & Shop would list a price for the Product on its website as being available at each of the Stop & Shop stores for a price that was lower (by approximately $3.00) than the price at which the Product was available for sale at that same store.

18.     The website price for the Product could be found on the site by taking the following steps, using the "store locator."  Clicking on the "store locator" link takes the user to the "Find a Store" page, which prompts the user to enter a ZIP code or city and state and then hit the "search" tab; if there are stores in or near the selected location, a list of stores will appear,

---

[1] See https://stopandshop.com/pages/about-us (last visited Aug. 7, 2024)

and for each of the stores listed, there is a link called "Store Details."  The page that appears after clicking on "store details" contains the address and telephone number of the selected store, a map showing the location of that store, and list of "featured store departments," including produce, with a hyperlink for each department.  If the user was looking for navel oranges, they would click on the link for "produce" and then enter "navel oranges" in the search bar.  A list of products would then appear, with a price for each product, including Stop & Shop brand navel oranges family size (8 lb. bag).  Clicking on the image of a particular product, such as the bag of oranges, would lead to a page showing that same image (the bag of oranges) with a description: "Stop & Shop Navel Oranges Family Size," and the price.  In the upper right-hand corner of the page, it would say, "**In-Store** at [the address of the selected store]" (bold in original).

19.     During the relevant time period, the prices advertised on the website for the Product at the Stop & Shop stores varied from approximately $5.79 per unit to approximately $6.49 per unit.  During the relevant time period, the product was sold at the Stop & Shop stores for prices that varied between $8.99 and $9.99 per unit. In all cases, the actual in-store price was approximately $3.00 higher than the contemporaneous price advertised on the website for the same store.

20.     Stop & Shop's representations and omissions in connection with this pricing practice were deceptive, because they were likely to deceive consumers acting reasonably under the circumstances and they concerned a subject matter, price, that was clearly material.

21.     The pricing practice was deceptive to consumers, whether they saw the website pricing before going to the store and paying the actual in-store price or if they went to the store and paid the in-store price without having seen the website price.

22.     Purchasers who saw the website price were led to believe that they could purchase the Product at the same store for the same price, but when they got to the store, they had to pay the higher in-store price for the Product.  These purchasers were faced with a Hobson's choice of paying the higher than advertised price or spending additional time and money engaging in comparison shopping.  If/when these purchasers asked the Stop & Shop personnel at the store to honor the website price, they were told that the store would not honor that price.

23.     Purchasers who went to the store without having viewed the website and saw the in-store Product display with the higher posted store price were deceived because there was no disclosure of the lower advertised web price, either at the in-store display or anywhere else in the store.  This omission is actionable under c. 93A, § 2, because price is central to a reasonable consumer's purchase transaction and to the consumer's decision to purchase the product.

24.     Both categories of purchasers were acting reasonably in the circumstances.  Those who saw the Stop & Shop website price acted reasonably in believing that they could purchase the Product at the same store for the same price, and they were acting reasonably in paying the higher price in order to get the product, because the alternative was to spend additional time and money comparison shopping.  The purchasers who went to the store without seeing the web price and paid the higher store price were acting reasonably because the price charged at the store was the only price they were aware of-since the lower advertised price was not disclosed to them.  The reasonable consumer standard takes into account the context in which consumer transactions occur, including the fact that due to limited time, limited choices, and other factors, consumers (including grocery shoppers) often make quick decisions that do not always involve careful consideration of all available information-fully consistent with reasonable behavior.

25.     Stop & Shop's pricing scheme is a form of "bait and switch" pricing, whereby Stop & Shop advertises the Product on its website with the intent not to sell it as advertised. Such conduct is prohibited by the Massachusetts Attorney General's regulation, promulgated pursuant to G.L., c. 93A, at 940 C.M.R., § 3.02 (1) ("[n]o advertisement containing an offer to sell a product shall be made when the offer is not a bona fide offer to sell the advertised product").

26.     Bait and switch pricing involves using an advertised price which is lower than the price at which the goods are actually sold, as Stop & Shop has done here.  Bait and switch pricing schemes, like this one, lead to injuries that consumers cannot reasonably avoid (for the reasons discussed above) in the form of higher prices and search costs, and the price discrepancy scheme used by Stop & Shop is no less deceptive even where the consumer discovers the discrepancy before completing the purchase transaction.   The Federal Trade Commission ("FTC") supports this proposition.  *See* Trade Regulation on Unfair or Deceptive Fees, 88 Fed. Reg., 77420, 77432 ("when the initial contact with the consumer shows a lower . . . price without disclosing the total cost" it remains deceptive" even if the total cost is later disclosed").

27.     In addition to being deceptive, Stop & Shop's differential pricing practice was also unfair.  Although the practice can be found to be unfair without being deceptive, the fact that it is deceptive shows that it is unfair, since almost all deceptive acts and practices are unfair.

28.     Plaintiff and Class members were injured by Stop & Shop's unfair and deceptive practices, as alleged herein, by paying higher prices for the Product than the advertised prices.

29.     Plaintiff purchased the Product from the Stop & Shop store at 200 East Main Street, Stratford, Connecticut (the "Stratford Store"), on or about May 26, 2024.

30.     Plaintiff visited the Stop & Shop website, looking to buy oranges, selected the Stratford Store on the website, and saw that the Product was available for sale at the Stratford Store at a price of $5.79 per bag.  The $5.79 price was not listed as an online-only price, nor was it accompanied by a statement that the price might not be reliable or that it was provisional.

31.     When Plaintiff visited the Stratford Store to buy the product, he discovered that it was being sold at the store for a price of $8.99 per bag and that the store would not honor the $5.79 web advertised price.  Plaintiff then purchased the Product for the store posted price of $8.99. Copies of a screenshot from the Stop & Shop website showing the $5.79 price for the Product at the Stratford Store, a photograph of the in-store display at the Stratford Store showing the $8.99 price, and the receipt for Plaintiff's purchase are displayed below:





# STOP&SHOP

200 EAST MAIN STREET
STRATFORD, CT 06614
Store Telephone: (203) 375-8787
Pharmacy Telephone: (203) 375-5717
Store #639        05/26/24        05:52pm

GROCERY
        SB DIET ORNGE 2L        1.00 B
DP      BTL/CAN DEPOSIT         0.10 F
PRODUCE
        +SB 8LB ORANGE          8.99 F

        TAX                     0.06
        **** BALANCE           10.15

***************************************
Payment Type: US DEBIT
CHIP            Purchase  PIN Verified
Card: ************7650
Payment Amt: $10.15
Cashback Amt: $0.00
BALANCE: $
AID: A0000000980840
AUTH#013057 RC#00 05/26/24 05:53pm
***************************************
Trace # 00826126
        DEBIT CARD             10.15
        CHANGE                  0.00
TOTAL NUMBER OF ITEMS SOLD =       2
05/26/24 05:53pm 639 416 175 880016
Customer 22******0001
www.StopAndShop.com
Thank you for shopping STOP & SHOP
David Faccin, Store Manager
SELF-CHECKOUT, Your Cashier

## HOW ARE WE DOING?
Tell us in the next 5 days at
www.talktostopandshop.com
Use the PIN # below to login
0526 1753 0693 9416 0175
And enter for a
Chance to win $500*

*Official Rules at customer service
or www.talktostopandshop.com/terms
Open to CT MA NJ NY & RI residents 18+
No Purch. Nec. Void where prohibited

32.     Similar pricing discrepancies were present at other Stop & Shop stores, including

at least two stores in Massachusetts. On June 10, 2024, the Stop & Shop website showed a price

of $5.99 for the Product for the store at 155 Harvard Street in Brookline, while the in-store

display at the Brookline store showed a contemporaneous price of $9.99.  On the same date, the

Stop & Shop website and the in-store display showed the same prices for the Product ($5.99 and

$9.99, respectively) for the 165 Needham Street, Newton store.  Copies of screenshots from the

website showing the $5.99 web price and photographs of the in-store displays showing the $9.99

price for the Newton and Brookline stores are displayed below:







Home / Produce / Fresh Fruit



## You Might Like

**Stop & Shop Navel Oranges Family Size**

SNAP Eligible



Sign In

$0.00 🛒

In-Store at 155 Harvard Street, 02446

**$5.99**

8 lb bag | $0.05 / oz

**Add to cart**



33.     On a date unknown to Plaintiff, but after Defendants' receipt of Plaintiff's demand

letter pursuant to G.L., c. 93A, § 9(3) and prior to the filing of this Complaint, Stop & Shop

ceased its differential pricing practice, and modified its web advertised prices to match the posted

in-store prices.  In so doing, Stop & Shop acknowledged the deceptive and unfair nature of its

differential pricing for the Product.

34.     While Plaintiff is only aware of Stop & Shop's differential pricing for the Product,

it is likely that Stop & Shop engaged in the same or similar pricing practices for other products,

and further investigation and discovery in this matter may reveal evidence of such practices.

### Class Allegations

35.     Plaintiff brings this action as a class action, pursuant to Fed. R. Civ. P. 23, on

behalf of a Class and Subclass, consisting of:

> All persons who purchased Stop & Shop (store brand) Navel Oranges Family Size from a
> Stop & Shop retail supermarket during the period from August 9, 2020 through the present
> date (the "Nationwide Class").

> All residents of Connecticut who purchased Stop & Shop (store brand) Navel Oranges
> Family Size from a Stop & Shop retail supermarket during the period from August 9, 2020
> through the present date (the "Connecticut Subclass").

36.     Excluded from the Class are Defendants and their subsidiaries and affiliates,

governmental entities, and the judge to whom this case is assigned and any immediate family

members thereof.  Plaintiff reserves the right to modify or amend the Class definition, as

appropriate.

37.     Certification of Plaintiff's claims for class-wide treatment is appropriate because

Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as

would be used to prove those elements in individual actions alleging the same claims.

38.     **Numerosity – Fed. R. Civ. P. 23(a)(1)**.  The Class is so numerous that individual

joinder of all Class members is impracticable.  Plaintiff is informed and believes that there are at

least hundreds, if not thousands, of Class members.  The precise number of Class members and

their addresses are unknown to Plaintiff but may be ascertained from Defendants' books and

records.  Class members may be notified of the pendency of this action by recognized, Court-

approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

39.      **Commonality and Predominance – Fed. R. Civ. P. 23(a)(2) and 23(b)(3)**.  This action involves common questions of law and fact, which predominate over any questions affecting only individual Class members.  All Class members were subject to the same business practices complained of--Stop & Shop's unfair and deceptive pricing practices for the Product, and they all purchased the Product for a price in excess of the advertised price.

40.      There are questions of law and fact common to the Class, which predominate over any issues specific to individual Class members.  The principal common questions include:

a)        whether Stop & Shop advertised the price for the Product in a way that is false, deceptive, or misleading;

b)        whether, by the misconduct set forth in this Complaint, Stop & Shop has engaged in unfair, deceptive or unlawful business practices with respect to the advertising and sales of the Product;

c)        whether Stop & Shop failed to disclose material facts regarding the Product;

d)        whether Stop & Shop violated Massachusetts General Laws Chapter 93A, § 2, and regulations promulgated thereunder;

e)        whether Stop & Shop was unjustly enriched by its conduct; and

f)        whether Plaintiff and Class members are entitled to actual damages, statutory damages, restitution, disgorgement, and other remedies based upon the misconduct set forth in this Complaint.

41.      **Typicality – Fed. R. Civ. P. 23(a)(3)**.  Plaintiff's claims are typical of the claims of the other members of the Class because, among other things, all Class members were similarly injured through the uniform misconduct described herein, and all Class members have the same claims, *i.e.,* that Defendants engaged in unfair, deceptive and misleading pricing practices with respect to the Product.

42.      **Adequacy of Representation – Fed. R. Civ. P. 23(a)(4)**.  Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the other members of the Class he seeks to represent; he has retained counsel competent and experienced in class action litigation; and Plaintiff intends to prosecute this action vigorously.  The Class's interests will thus be fairly and adequately protected by Plaintiff and his counsel.

43.      **Superiority – Fed. R. Civ. P. 23(b)(3)**.  A class action is superior to any other available methods for fairly and efficiently adjudicating this controversy, and no unusual difficulties are likely to be encountered in the management of this case as a class action.  The damages or other financial detriment suffered by Plaintiff and the other members of the Class are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for Class members to individually seek redress for Defendants' wrongful conduct.  Even if the Class members could afford individual litigation, the court system could not.  Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system.  By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

<u>**Claims for Relief**</u>

**COUNT I: UNJUST ENRICHMENT**

44.      Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

45.      Plaintiff and the other Class members conferred a benefit upon Stop & Shop, in the form of the excess prices they paid for the Product over and above the advertised prices for the Product.

46.     Stop & Shop had an appreciation or knowledge of the excess prices paid for the Product by Plaintiff and the other members of the Class, as demonstrated by the fact that Stop & Shop was aware of the web advertised prices and the price differential between the web prices and the in-store prices for the Product.

47.     Stop & Shop's acceptance or retention of these benefits is inequitable under the circumstances as outlined above.

48.     Plaintiff, on behalf of himself and the other members of the Classes, seeks restitution or, in the alternative, imposition of a constructive trust on the funds inequitably received and retained.

**COUNT II**: **UNFAIR AND DECEPTIVE CONDUCT IN VIOLATION OF G. L. c. 93A, §2**

49.     Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

50.     Stop & Shop's conduct, as alleged herein, constitutes unfair and deceptive acts or practices and unfair methods of competition in trade or commerce in violation of G. L. c. 93A, § 2 and the regulations promulgated thereunder, including, without limitation, 940 C.M.R. § 3.02 (1).

51.     Stop & Shop's unlawful conduct includes its unfair and deceptive pricing practices for the Product, including the deceptive and misleading web advertised prices and the posted store prices, which deceptively omitted any reference to the lower advertised web price, as alleged in greater detail above.  Such conduct injured Plaintiff and each of the other Class members, in that they paid more for the unfairly and deceptively advertised Product than they would have paid, absent the unfair and deceptive conduct.

52.     Stop & Shop's unfair or deceptive acts or practices, as alleged herein, were willful or knowing violations of G. L. c. 93A, § 2, within the meaning of G. L. c. 93A, § 9(3).

53.     Pursuant to G. L. c. 93A, §§ 9(3) and 9(4), Plaintiff and each of the other members of the Class are entitled to recover statutory damages or actual damages, including recovery of double or treble the amount of their actual damages, plus their reasonable attorneys' fees and the costs of this action.

54.     On June 14, 2024, Plaintiff sent to Defendants a written demand for relief pursuant to G.L., c. 93A, § 9(3).  Defendants failed to make a reasonable offer of relief in response to Plaintiff's demand letter and, in fact, did not respond at all to the demand. Defendants did, however, change their pricing practice in response to the demand letter by eliminating the unfair and deceptive differential pricing, as referenced in Paragraph 33 above.

**COUNT III: VIOLATION OF CONNECTICUT UNFAIR TRADE PRACTICES ACT, C.G.S., §§ 42-110a, et seq.**

55.     Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

56.     At all times relevant hereto, Plaintiff and Class members were "persons," as defined in C.G.S., § 42-110a(3).

57.     At all times relevant hereto, Defendants were "persons" as defined in C.G.S., § 42-110a(3).

58.     At all times relevant hereto, Defendants have been engaged in trade or commerce, as defined in C.G.S., § 42-110a(4)**.**

59.      Stop & Shop's conduct, as alleged herein, constitutes unfair competition and unfair and deceptive acts or practices in the conduct of trade or commerce, in violation of C.G.S., § 42-110b(a)**.**

60.     Stop & Shop's unlawful conduct includes its unfair and deceptive pricing practices for the Product, including the deceptive and misleading web advertised prices and the

posted store prices, which deceptively omitted any reference to the lower advertised web price, as alleged in greater detail above. Such conduct injured Plaintiff and each of the other Class members, in that they paid more for the unfairly and deceptively advertised Product than they would have paid, absent the unfair and deceptive conduct.

61.     As a result of Defendants' unfair and deceptive acts or practices, Plaintiff and Class members have suffered ascertainable losses of money or property within the meaning of C.G.S., § 110g(a) and have been damaged by Defendants' unlawful acts. Accordingly, Plaintiff is entitled to bring this action on behalf of himself and the Class for recovery of damages and reasonable attorneys' fees.

62.     Contemporaneously with the filing of this Complaint, Plaintiff is mailing copies of the Complaint to the Connecticut Attorney General and the Connecticut Commissioner of Consumer Protection, as required by C.G.S. § 42-110g(c).

## **Request for Relief**

WHEREFORE, Plaintiff, individually and on behalf of the other Class members, respectfully requests that the Court order the following relief:

A.     An Order certifying the Class as requested herein;

B.     An Order awarding restitution and disgorgement of Defendants' revenues to Plaintiff and the other members of the proposed Class;

C.     An Order awarding statutory damages or actual damages, whichever results in a greater recovery, and double or treble damages as allowable by law;

D.     An Order awarding attorneys' fees and costs to Plaintiff and the other members of the Class; and

E.     Such other and further relief as may be just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated:  August 9, 2024                    Respectfully submitted,

                                          **PASTOR LAW OFFICE, PC**

                                          /s/ David Pastor_____
                                          David Pastor (BBO # 391000)
                                          63 Atlantic Avenue, 3rd Floor
                                          Boston, MA 02110
                                          Telephone:  617-742-9700
                                          Facsimile:  617-742-9701
                                          Email: dpastor@pastorlawoffice.com

                                          **DANN LAW**

                                          Brian D. Flick
                                          15000 Madison Avenue
                                          Lakewood, OH 44107
                                          Telephone:  513-645-3488
                                          Email: bflick@dannlaw.com
                                          *(PHV  to be Submitted)*

                                          *Counsel for Plaintiff and the Class*