UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES WILLIAMS, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v., <br><br> THE STOP & SHOP SUPERMARKET COMPANY, LLC and AHOLD DELHAIZE USA, INC., <br><br> Defendants. | C.A. No:  1:24-cv-12055-JEK |

## FIRST AMENDED CLASS ACTION COMPLAINT

### Introduction

Plaintiff, James Williams ("Plaintiff"), by and through his undersigned counsel of record, on behalf of himself and all others similarly situated, submits this amended class action complaint ("Complaint") against Defendants, The Stop & Shop Supermarket Company, LLC and Ahold Delhaize USA, Inc., (collectively, "Stop & Shop" or "Defendants"), and based upon personal knowledge as to his own acts and circumstances and based upon information and belief as to all other matters, alleges as follows.

1.      This case pertains to unfair and deceptive pricing practices at Stop & Shop stores for a particular product, a family size (8 lb.) bag of Stop & Shop store brand navel oranges (the "Product").

2.      Stop & Shop unfairly and deceptively advertised on its website that the Product would be sold for one price at all Stop & Shop stores while contemporaneously selling the Product at its stores for a higher price.  The web prices and the in-store prices varied slightly among the

Stop & Shop stores, but generally, the in-store prices were approximately $3.00 higher than the prices advertised on the website for the Product.

3.      Stop & Shop's website advertised prices for the Product were clearly communicated as prices for in-store purchases as well as online purchases; nowhere were these prices identified as online-only prices.  The website advertised prices were listed without any disclosure of higher in-store prices.

4.      The in-store displays for the Product posted the higher item price without any disclosure of the lower prices advertised on the website, nor was there any disclosure of the lower website prices at the checkout counter.

5.      Stop & Shop failed to provide consumers, including Plaintiff and Class members, with the lowest available price for the Product at the point of sale, in violation of various Massachusetts and Connecticut statutory and regulatory provisions, as discussed in greater detail herein.  The aforementioned statutes and regulations are designed to ensure that consumers pay the lowest available price for each item they purchase, whether that price is the advertised price (regardless of advertising medium), the shelf price, the store display price, the price displayed on a price tag or price sticker for the item, or the checkout price.

6.      Stop & Shop's pricing practice for the Product was both unfair and deceptive.  The pricing practice was unfair because, among other reasons, Stop & Shop failed to comply with the above-referenced statutory and regulatory requirements by providing consumers (including Plaintiff and Class members) with the lowest available price for each item they purchased.  By violating applicable regulations and statutes and depriving consumers of the lowest available price for the Product, Stop & Shop's conduct was immoral, oppressive, unethical, and/or unscrupulous and caused substantial injury to consumers.

Stop & Shop's pricing practice for the Product also constituted a form of "bait and switch" pricing in which Stop & Shop: a) represented in its website advertising for the Product that the Product could be purchased for a specified price when in fact that was not the case; and b) advertised the Product with an intent not to sell it as advertised.

7.      This bait and switch pricing scheme was both unfair and deceptive, for reasons stated herein, including that it violated various applicable statutory and regulatory provisions.

8.      Plaintiff and members of the Class (as defined below) were injured by Defendants' unfair and deceptive practices when they paid the higher than advertised price for the Product.

### Parties

9.      Plaintiff is an individual residing in Bridgeport, Connecticut.

10.      Defendant, The Stop & Shop Supermarket Company, LLC ("Stop & Shop Company") is a for-profit limited liability company, organized under the laws of Delaware and registered to do business in Massachusetts, with a principal place of business at 1385 Hancock Street, Quincy, Massachusetts 02169.  Stop & Shop Company is an indirect, wholly owned subsidiary of Ahold Delhaize USA, Inc., which is an indirect, wholly owned subsidiary of Koninklijke Ahold Delhaize N.V., based in the Netherlands.

11.      Defendant Ahold Delhaize USA, Inc. ("Ahold Delhaize") is a for-profit corporation, organized under the laws of Delaware and registered to do business in Massachusetts, with a principal place of business at 1385 Hancock Street, Quincy, Massachusetts 02169.  Ahold Delhaize is one of the largest supermarket operators in the United States, operating more than 2,000 grocery stores under the retail banners Stop & Shop, Giant Food, Giant/Martin's, Food Lion, and Hannaford.

**Jurisdiction and Venue**

12.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 Class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from that of Defendants.

13.     This Court has personal jurisdiction over Defendants pursuant to G. L. c. 223A, § 3(a), because Defendants have their principal places of business in the Commonwealth of Massachusetts, are registered to do business in Massachusetts, and own and/or operate retail grocery stores in Massachusetts.

14.     Pursuant to 28 U.S.C. § 1391, venue is proper in this Court because: Defendants have their principal places of business in Massachusetts, are registered to do business in Massachusetts, and own and/or operate retail grocery stores in Massachusetts.

**Relevant Facts**

***The Applicable Regulatory Framework***

15.     Massachusetts and Connecticut have regulatory and statutory provisions, as well as statements from regulatory authorities providing, among other things, that consumers are entitled to the lowest available price for a product at the time of their purchase and in certain circumstances, the consumer is entitled to receive the item for free if they are charged a price other than the lowest available price at the point of sale.  Massachusetts law provides that it is an unfair or deceptive act or practice "to charge a consumer an incorrect price for any item offered for sale."  940 C.M.R., § 3.13(1)(f).  This section also states that:

> The "correct price" is the lowest of: the advertised price in any circular, newspaper, magazine, television or radio commercial, **or in any other medium**, or any published correction thereof; the price indicated on any store sign, shelf label, price tag or price sticker for the item; or the price rung up by the store's automated retail system[.]

4

*Id.* (emphasis added).  This regulation also provides, under the heading, "Deceptive Pricing," that "[n]o claim or representation shall be made which represents or implies, in advertising or otherwise, that a product or service may be purchased for a specified price when such is not the case[.]" 940 C.M.R., § 3.13(2).  The foregoing regulation was promulgated by the Massachusetts Attorney General pursuant to G.L., c. 93A, § 2(c).

16.     Similar provisions are contained in 202 C.M.R., § 7.07: "If there is a discrepancy between the advertised price, the sticker price, the scanner price, or the display price and the checkout price on any grocery item, a food store or food department shall charge a consumer the lowest price, regardless of the pricing system employed by the food store or food department."  In addition, "[i]n the case of a food store using a scanner system, if the checkout price or the scanner price is not the lowest price," the customer shall get the item for free if the price of the item is $10 or less.  202 C.M.R., § 7.07(1) and (2).

17.     According to the Massachusetts Office of Consumer Affairs and Business Regulation (the "OCABR"), "[t]he store must honor the price in the advertisement even if it is wrong, until they correct the misrepresentation using the same advertising medium and/or by corrective signs I the store."[1] According to notices prepared by the OCABR and posted in some retail store locations in Massachusetts, "When buying groceries-food and non-alcoholic beverages …[].. you must be charged the lowest displayed price, whether on the sticker, scanner, **website**, or app" (emphasis added).

---

[1] https://www.mass.gov/guides/a-massachusetts-consumer-guide-to-shopping-rights?_gl=1*11vkqln*_ga*NjQxNTA1OTU5LjE3MjM1NjMyMDA.*_ga_MCLPEGW7WM*MTcyNzgwNDYyOC4xLjEuMTcyNzgwNzAwNi4wLjAuMA..#-item-pricing- (last visited Oct. 21, 2024)

18.     Connecticut law has similar provisions.  For example, where a retailer offers a consumer product for sale and if the price of the product at the point of sale is greater than the advertised or the posted retail price for the product, the retailer must give the product to the consumer at no cost if the value of the product is $20 or less.  C.G.S. § 21a-79b(b)(1).  This provision is sometimes referred to as the "get one free" law.

***Stop & Shop's Practices***

19.     Stop & Shop operates 390 retail grocery stores (under the Stop & Shop brand) in five states: Connecticut (88); Massachusetts (124); New Jersey (53); and New York (98); and Rhode Island (27).[2]

20.     The Stop & Shop stores sell numerous food, beverage, health and beauty, and household items (including the Product) to consumers in the Northeast United States.

21.     The content and information displayed on Stop & Shop's website, including advertised prices and pricing information are drafted, created, and developed at Stop & Shop's Massachusetts headquarters.  Pricing decisions and pricing policies for products sold at Stop & Shop stores are made at Stop & Shop's Massachusetts headquarters, and prices for the stores across the Stop & Shop system are set at its Massachusetts headquarters.

22.     Commencing at a time unknown to Plaintiff and continuing through at least June 14, 2020, Stop & Shop engaged in a practice of unfair and deceptive pricing, whereby Stop & Shop would list a price for the Product on its website as being available at each of the Stop & Shop stores, a price that was lower (by approximately $3.00) than the price contemporaneously charged for the Product at that same store.

---

[2] On or about July 12, 2024, Stop & Shop announced that it would be closing 32 stores by the end of 2024.  See https://stopandshop.com/pages/stop-and-shop-press-closing-21-stores (last visited Oct. 21, 2024)

23.     During the relevant time period (from the time Stop & Shop initiated this pricing practice through at least June 14, 2024), The website price for the Product could be found on the site by taking the following steps, using the "store locator" which is located on the top right of the Stop & Shop's landing page.  Clicking on the "store locator" link took the user to the "Find a Store" page, which prompted the user to enter a ZIP code or city or town and state and then hit the "search" tab; if there were stores in or near the selected location, a list of stores would appear, and for each of the stores listed, there was a link called "Store Details."  The page that appeared after clicking on "store details" contained the address and telephone number of the selected store, a map showing the location of that store, and list of "featured store departments," including produce, with a hyperlink for each department.  If the user was looking for navel oranges, they would click on the link for "produce" and then enter "navel oranges" in the search bar.  A list of products would then appear, with a price for each product, including Stop & Shop brand navel oranges family size (8 lb. bag).  Clicking on the image of a particular product, such as the bag of oranges, would lead to a page showing that same image (the bag of oranges) with a description: "Stop & Shop Navel Oranges Family Size," and the price.  In the upper right-hand corner of the page, it would say, "**In-Store** at [the address of the selected store]" (bold in original).

24.     During the relevant time period, the prices advertised on the website for the Product at the Stop & Shop stores varied among individual stores from approximately $5.79 per unit to approximately $6.49 per unit, while at the same time, the Product was sold at Stop & Shop stores for prices that varied between approximately $8.99 and $9.99 per unit. In all cases, the actual in-store price was approximately $3.00 higher than the price contemporaneously advertised on the website for the same store.

25.     Stop & Shop's pricing scheme is a form of "bait and switch" pricing, whereby Stop & Shop advertised the Product on its website with the intent not to sell it as advertised.  Such conduct is prohibited by 940 C.M.R., §(1)(f) and (2), 202 C.M.R. 7.07(1) and (2), and 940 C.M.R., § 3.02 (1) ("[n]o advertisement containing an offer to sell a product shall be made when the offer is not a bona fide offer to sell the advertised product").

26.     By engaging in this practice and by failing to honor the website price for the Product, Stop & Shop failed to provide consumers (including Plaintiff and Class members) with the lowest available price or the advertised price for the Product, in violation of, among other provisions, 940 C.M.R., § 3.13(1) and (2); 202 C.M.R. 7.07(1) and (2); and C.G.S. § 21a-79b(b)(1).

27.     In fact, Stop & Shop had an actual policy that it would not honor website prices that are lower than in-store prices,[3] and that policy is in direct conflict with the applicable Connecticut and Massachusetts lowest price statutes and regulations and for that reason and others, it is unfair.

28.     Stop & Shop's conduct, as described herein, was unfair because by its non-compliance with the aforementioned "lowest price" provisions, it was in violation of public policy and was immoral, oppressive, unethical, and/or unscrupulous.

29.     Stop & Shop's pricing practice was also unfair because it was deceptive, since most deceptive conduct is also unfair.

---

[3] Stop & Shop's policy, as found on its website, states as follows: "Prices at Stop & Shop physical stores or on other sites or services may vary from the prices listed on the Site, and these stores will have no obligation to honor or match such prices[]"  ("Stop & Shop's Website Price Policy" or the "Website Price Policy"). https://stopandshop.com/pages/terms-and-conditions (last visited Oct. 22, 2024).

30.     Stop & Shop's representations and omissions in connection with this pricing practice were deceptive, because they were likely to deceive consumers acting reasonably under the circumstances and they concerned a subject matter, price, that was clearly material.

31.     Stop & Shop's pricing practice was deceptive, based on 940 C.M.R., § 3.13(1)(f), which declares it to be unfair and deceptive to charge consumers a price higher than the lowest available price or to charge a price higher than the advertised price for the Product.  It is also deceptive based on 940 C.M.R., § 3.13(2), which prohibits claims that **represent or imply**, "in advertising or otherwise, that a product or service may be purchased for a specified price when such is not the case" (emphasis added).

32.     Stop & Shop's pricing practice was also deceptive to consumers because the website did not disclose that the stores were charging a price higher than the web advertised price for the Product, and because there was no disclosure in the stores of the lower website prices.  Stop & Shop has a duty to make the above disclosures, because they are required to do so by certain of the statutory and regulatory "lowest price" provisions cited herein.  *See* C.G.S., § 21a-79b(b)(1) ("Retailers shall post a sign, in a conspicuous location, which adequately discloses to consumers that in the event the retail price of a consumer commodity is greater than the advertised or posted retail price for the consumer commodity, the retailer shall give such consumer commodity to the consumer at no cost to the consumer.").  *Id*.  See also 202 C.M.R., § 7.07(4) ("All food stores and food departments . . . shall clearly and conspicuously post the provisions of 202 C.M.R. § 7.07(2) at each register").[4]

---

[4] 202 C.M.R. § 7.07(2) is the Massachusetts "get one free" provision that applies if the checkout price at a food store or food department is not the lowest price.

33.     Plaintiff and Class members were injured by Stop & Shop's unfair and deceptive practices, as alleged herein, by not being provided with the lowest price for the Product and by paying higher prices for the Product than the advertised prices.  Stop & Shop's unfair conduct in unlawfully failing to offer Plaintiffs and Class members the lowest available price or the advertised price for the Product and/or in not honoring the advertised web price caused Plaintiff and Class members to pay significantly more for the Product than they would otherwise have paid.

34.     Plaintiff and Class members are entitled to a refund of the entire purchase price of the Product because of Stop & Shop's conduct in failing to offer Plaintiffs and Class members the lowest price for the Product.  Pursuant to C.G.S., § 21a-79b(b)(1), and 202 C.M.R., § 7.07(2), if the point-of-sale price is greater than the advertised price or if the checkout price is not the lowest price, the consumer is entitled to receive the item free of charge.[5]  Alternatively, Plaintiff and Class members are entitled to recover the difference between the advertised web price or the lowest available price and the price they each paid for the Product.

35.     The compensatory damage amount suffered by Plaintiff and each Class member is equal to the full price they each paid for the Product or, alternatively, the difference between the advertised web price (or the lowest available price) and the price they each paid for the Product. Under G.L., c. 93A, Plaintiffs' and Class members' compensatory damages can also be measured by the profits earned by Defendants from their unfair and deceptive pricing practices.

36.     During the relevant time period, Stop & Shop knew that its advertised web prices were less than the prices at which the Product was being sold at the stores and it also knew that its Website Price Policy was contrary to law in Massachusetts and Connecticut.  It can also be

---

[5] These "get one free" provisions have a price limit, applying to items costing $20 or less (Connecticut) and $10 or less (Massachusetts), but the Product is within those price limits.

reasonably inferred from Plaintiff's conversation with the Stratford, Connecticut store manager about honoring the web price (see ¶ 39 below) that Stop & Shop personnel knew about the lower web price.

***Plaintiff's Shopping Experience***

37.     Plaintiff purchased the Product from the Stop & Shop store at 200 East Main Street, Stratford, Connecticut (the "Stratford Store"), on or about May 26, 2024.

38.     Plaintiff visited the Stop & Shop website on the day before or the day of his visit to the Stratford Store, looking to buy oranges, selected the Stratford Store on the website, and saw that the Product was available for sale at the Stratford Store at a price of $5.79 per bag.  The $5.79 price was not listed as an online-only price, nor was it accompanied by a statement that the price might not be reliable or that it was provisional.

39.     When Plaintiff visited the Stratford Store to buy the product, he discovered that he was being charged a price of $8.99 for the Product and that the store would not honor the $5.79 web advertised price.  While in the checkout line, Plaintiff had a conversation with the store manager in which Plaintiff referenced the web price and asked if the store would honor that price. In that conversation, the store manager told Plaintiff that they would not honor the web price and that to do so was against Stop & Shop's policy. Plaintiff then purchased the Product for the store price of $8.99.  A screenshot showing the website price for the Stratford Store, a photograph of the in-store display at the Stratford Store, and a copy of Plaintiff's receipt for his purchases are shown below:







# STOP&SHOP

200 EAST MAIN STREET
STRATFORD, CT 06614
Store Telephone:  (203) 375-8787
Pharmacy Telephone:  (203) 375-5717
Store #639          05/26/24        05:52pm

GROCERY
        SB DIET ORNGE 2L          1.00 B
DP      BTL/CAN DEPOSIT           0.10 F
PRODUCE
        +SB 8LB ORANGE            8.99 F

        TAX                       0.06
        **** BALANCE             10.15

**************************************
Payment Type: US DEBIT
CHIP         Purchase  PIN Verified
Card: *************7650
Payment Amt: $10.15
Cashback Amt: $0.00
BALANCE: $
AID: A000000980840
AUTH#013057 RC#00 05/26/24 05:53pm
**************************************
Trace # 00826126
        DEBIT CARD               10.15
        CHANGE                    0.00
TOTAL NUMBER OF ITEMS SOLD =        2
05/26/24 05:53pm 639 416 175 880016
Customer 22******0001
www.StopAndShop.com
Thank you for shopping STOP & SHOP
David Faccin, Store Manager
SELF-CHECKOUT, Your Cashier

## HOW ARE WE DOING?
Tell us in the next 5 days at
www.talktostopandshop.com
Use the PIN # below to login
0526 1753 0693 9416 0175
And enter for a
Chance to win $500*

*Official Rules at customer service
or www.talktostopandshop.com/terms
Open to CT MA NJ NY & RI residents 18+
No Purch. Nec. Void where prohibited

40.     Plaintiff's decision to purchase the Product after being informed that Stop & Shop would not honor the lower website price and that he would have to pay the higher store price was reasonable and was consistent with the behavior of a consumer acting reasonably in the circumstances.  At the time Plaintiff was informed by the store manager that Stop & Shop would not honor the web advertised price, he was in the checkout line with other customers behind him, ready to check out and pay for their purchases.  Both of the applicable consumer protection statutes (Chapter 93A and the Connecticut Unfair Trade Practices Act ("CUTPA")) employ a reasonable consumer standard and in applying such a standard, it is necessary to consider how consumers actually behave, including where, as in this case (in the process of checking out at a grocery store), consumers have extremely limited choices, and also limited time and are often forced to make quick decisions.

41.     The same pricing practice was present at other Stop & Shop stores during the relevant time period, including at least two stores in Massachusetts. On June 10, 2024, the Stop & Shop website showed a price of $5.99 for the Product for the store at 155 Harvard Street in Brookline, while the in-store display at the Brookline store showed a contemporaneous price of $9.99.  On the same date, the Stop & Shop website and the in-store display showed the same prices for the Product ($5.99 and $9.99, respectively) for the 165 Needham Street, Newton store. Screenshots showing the website prices and photographs of the in-store displays at the 165 Needham Street store and the 155 Harvard Street store, respectively, are shown below:



Coupons   Weekly Ad   Recipes   GO Rewards   Past Purchases   Pharmacy   Nutrition Partners

Home / Produce / Fresh Fruit



### Stop & Shop Navel Oranges Family Size

SNAP Eligible

## $5.99

8 lb bag | $0.05 / oz

**Add to cart**



Sign In        $0.00 🛒

In-Store at 165 Needham Street, 02461







*Continuing Conduct*

42.     Although Stop & Shop has modified its website prices to match its in-store prices for the Product, it still maintains its Website Price Policy, in violation of the various "lowest price" statutes and regulations, as alleged herein.  Plaintiff, therefore, seeks injunctive relief in the form of an order compelling Stop & Shop to change its Website Price Policy so that it is in compliance with the applicable lowest price provisions, such as those enacted by Massachusetts and Connecticut.

*Stop & Shop Changed its Web Advertised Prices*

43.     On a date unknown to Plaintiff, but after June 14, 2024 and prior to the filing of Plaintiff's original Complaint, Stop & Shop ceased its unfair and deceptive pricing practice, modifying its web advertised prices to match its in-store prices.  In so doing, Stop & Shop acknowledged the unfair and deceptive nature of its pricing for the Product.

44.     While Plaintiff is only aware of Stop & Shop's unfair and deceptive web pricing for the Product, it is likely that Stop & Shop engaged in the same or similar pricing practices for other products, and further investigation and discovery in this matter may reveal evidence of such practices.

## Class Allegations

45.     Plaintiff brings this action as a class action, pursuant to Fed. R. Civ. P. 23, on behalf of a Class and Subclass, consisting of:

All persons who purchased Stop & Shop (store brand) Navel Oranges Family Size from a Stop & Shop retail supermarket during the period from August 9, 2020 through the present date (the "Nationwide Class").

All residents of Connecticut who purchased Stop & Shop (store brand) Navel Oranges Family Size from a Stop & Shop retail supermarket during the period from August 9, 2020 through the present date (the "Connecticut Subclass").

46.     Excluded from the Class are Defendants and their subsidiaries and affiliates, governmental entities, and the judge to whom this case is assigned and any immediate family members thereof.   Plaintiff reserves the right to modify or amend the Class definition, as appropriate.

47.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

48.     **Numerosity – Fed. R. Civ. P. 23(a)(1)**.  The Class is so numerous that individual joinder of all Class members is impracticable.  Plaintiff is informed and believes that there are at least thousands of Class members.  The precise number of Class members and their addresses are unknown to Plaintiff but may be ascertained from Defendants' books and records.  Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

49.     **Commonality and Predominance – Fed. R. Civ. P. 23(a)(2) and 23(b)(3)**.  This action involves common questions of law and fact, which predominate over any questions affecting only individual Class members.  All Class members were subject to the same business practices complained of--Stop & Shop's unfair and deceptive pricing practices for the Product, and they all purchased the Product for a price that was in excess of the advertised price and/or was not the lowest available price at the time of purchase.

50.     There are questions of law and fact common to the Class, which predominate over any issues specific to individual Class members.  The principal common questions include:

a)      whether Stop & Shop's conduct in not offering consumers the lowest available price for the Product and not honoring the lower advertised price posted on its

website violated the various lowest price regulations and statutes enacted by Massachusetts and Connecticut;

b)     whether Stop & Shop's conduct in not offering consumers the lowest available price for the Product and not honoring the lower advertised price posted on its website was unfair and deceptive;

c)     whether the conduct alleged herein constituted unfair or deceptive conduct within the meaning of G.L., c. 93A, § 2 (and regulations promulgated thereunder) and/or C.G.S., § 42-110b;

d)     whether Plaintiff and Class members were injured as a result of Stop & Shop's conduct in violation of the above-referenced statutes and regulations;

e)     whether Stop & Shop was unjustly enriched by its conduct.

51.     **Typicality – Fed. R. Civ. P. 23(a)(3)**.  Plaintiff's claims are typical of the claims of the other members of the Class because, among other things, all Class members were similarly injured through the uniform misconduct described herein, and all Class members have the same claims, *i.e.,* that Defendants engaged in unfair and deceptive pricing practices with respect to the Product.

52.     **Adequacy of Representation – Fed. R. Civ. P. 23(a)(4)**.  Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the other members of the Class he seeks to represent; he has retained counsel competent and experienced in class action litigation; and Plaintiff intends to prosecute this action vigorously.  The Class's interests will thus be fairly and adequately protected by Plaintiff and his counsel.

53.     **Superiority – Fed. R. Civ. P. 23(b)(3)**.  A class action is superior to any other available methods for fairly and efficiently adjudicating this controversy, and no unusual difficulties are likely to be encountered in the management of this case as a class action.  The damages or other financial detriment suffered by Plaintiff and the other members of the Class are relatively small compared to the burden and expense that would be required to individually litigate

their claims against Defendants, so it would be impracticable for Class members to individually seek redress for Defendants' wrongful conduct.  Even if the Class members could afford individual litigation, the court system could not.  Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

<u>**Claims for Relief**</u>

**COUNT I: UNJUST ENRICHMENT**

54.     Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

55.     Plaintiff and the other Class members conferred a benefit upon Stop & Shop, in the form of the excess prices they paid for the Product over and above the advertised prices for the Product or by not paying the lowest available price, as required by law.

56.     Stop & Shop had an appreciation or knowledge of the excess prices paid for the Product by Plaintiff and the other members of the Class, as demonstrated by the fact that Stop & Shop was aware of the web advertised prices and the price differential between the web prices and the point-of-sale prices for the Product.

57.     Stop & Shop's acceptance or retention of these benefits is inequitable under the circumstances as outlined above.

58.     Plaintiff, on behalf of himself and the other members of the Class, seeks restitution or, in the alternative, imposition of a constructive trust on the funds inequitably received and retained.

## COUNT II: UNFAIR AND DECEPTIVE CONDUCT IN VIOLATION OF G. L. c. 93A, §2

59.     Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

60.     Stop & Shop's conduct, as alleged herein, constitutes unfair and deceptive acts or practices and unfair methods of competition in trade or commerce in violation of G. L. c. 93A, § 2 and the regulations promulgated thereunder, including, without limitation, the following: 940 C.M.R., § 3.13(1)(f) and (2); and 940 C.M.R. § 3.02 (1). Stop & Shop's conduct also violates the provisions of 202 C.M.R.,     § 7.07(1), which is actionable under c. 93A, § 9.

61.     Stop & Shop's unlawful conduct includes its unfair and deceptive pricing practices for the Product, including: its failure to provide or offer the lowest available price for the Product and/or sell the Product at the advertised price; its failure or refusal to honor the lower website prices; and its deceptive omission of any reference on its website to the higher in-store prices; and its deceptive omission of any reference to the lower web advertised prices at the point of sale.

62.      Such conduct injured Plaintiff and each of the other Class members, in that, as a result of said conduct, they paid more for the unfairly and deceptively advertised Product than they otherwise would have paid.

63.     Plaintiffs and Class members also suffered injury in the form of Defendants' profits from the unfair and deceptive pricing practices.

64.     Stop & Shop's unfair or deceptive acts or practices, as alleged herein, were willful or knowing violations of G. L. c. 93A, § 2, within the meaning of G. L. c. 93A, § 9(3).

65.     Pursuant to G. L. c. 93A, §§ 9(3) and 9(4), Plaintiff and each of the other members of the Class are entitled to recover statutory damages or actual damages, including recovery of double or treble the amount of their actual damages, plus their reasonable attorneys' fees and the costs of this action.

66.     On June 14, 2024, Plaintiff sent to Defendants a written demand for relief pursuant to G.L., c. 93A, § 9(3).  Defendants failed to make a reasonable offer of relief in response to Plaintiff's demand letter and, in fact, did not respond at all to the demand.  Defendants did, however, change their pricing practice in response to the demand letter by eliminating the unfair and deceptive web pricing, as referenced in Paragraphs 42 and 43 above.

## COUNT III: VIOLATION OF CONNECTICUT UNFAIR TRADE PRACTICES ACT, C.G.S., §§ 42-110a, et seq.

67.     Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

68.     At all times relevant hereto, Plaintiff and Class members were "persons," as defined in C.G.S., § 43-110a(3).

69.     At all times relevant hereto, Defendants were "persons" as defined in C.G.S., § 42-110a(3).

70.     At all times relevant hereto, Defendants have been engaged in trade or commerce, as defined in C.G.S., § 42-110a(4).

71.     Stop & Shop's conduct, as alleged herein, constitutes unfair competition and unfair and deceptive acts or practices in the conduct of trade or commerce, in violation of C.G.S., § 42-110b(a).  Stop & Shop's alleged conduct is unfair and deceptive because, among other reasons as discussed in detail herein, it violated the provision of C.G.S., § 21a-79b(b)(1), which is actionable under CUTPA.

72.     Stop & Shop's unlawful conduct includes its unfair and deceptive pricing practices for the Product, including: its failure to provide or offer the lowest available price for the Product and/or sell the Product at the advertised price; its failure or refusal to honor the lower website prices; and its deceptive omission of any reference on its website to the higher in-store prices; and its deceptive omission of any reference to the lower web advertised prices at the point of sale.

73.     Such conduct injured Plaintiff and each of the other Class members, in that they paid more for the unfairly and deceptively advertised Product than they would have paid, absent the unfair and deceptive conduct.

74.     As a result of Defendants' unfair and deceptive acts or practices, Plaintiff and Class members have suffered ascertainable losses of money or property within the meaning of C.G.S., § 110g(a) and have been damaged by Defendants' unlawful acts.

### Request for Relief

WHEREFORE, Plaintiff, individually and on behalf of the other Class members, respectfully requests that the Court order the following relief:

A.     An Order certifying the Class as requested herein;

B.     An Order awarding restitution and disgorgement of Defendants' revenues to Plaintiff and the other members of the proposed Class;

C.     An Order awarding statutory damages or actual damages, whichever results in a greater recovery, and double or treble damages as allowable by law;

D.     An order compelling Stop & Shop to modify its Website Price Policy, so that the Policy is in compliance with applicable lowest price regulations and statutes;

E.     An Order awarding attorneys' fees and costs to Plaintiff and the other members of the Class; and

F.     Such other and further relief as may be just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated:  October 22, 2024                    Respectfully submitted,

                                            **PASTOR LAW OFFICE, PC**

                                            /s/ David Pastor
                                            David Pastor (BBO # 391000)
                                            63 Atlantic Avenue, 3rd Floor
                                            Boston, MA 02110
                                            Telephone:  617-742-9700
                                            Facsimile:  617-742-9701
                                            Email: *dpastor@pastorlawoffice.com*

                                            **DANN LAW**

                                            Brian D. Flick (*pro hac vice*)
                                            15000 Madison Avenue
                                            Lakewood, OH 44107
                                            Telephone:  513-645-3488
                                            Facsimile: 216-373-0536
                                            Email: bflick@dannlaw.com

                                            *Counsel for Plaintiff and the Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 22, 2024.

*/s/ David Pastor*
  David Pastor