UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JAMES WILLIAMS, *Individually and On Behalf of All Others Similarly Situated*, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 1:24-cv-12055-JEK |
| THE STOP & SHOP SUPERMARKET COMPANY, LLC and AHOLD DELHAIZE USA, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER ON
## DEFENDANTS' PARTIAL MOTION TO DISMISS

**KOBICK, J.**

In this putative class action, plaintiff James Williams alleges that defendants The Stop & Shop Supermarket Company, LLC and its parent company Ahold Delhaize USA, Inc. (collectively "Stop & Shop") sold him and other consumers navel oranges at a higher in-store price than the price listed for the same product on the company website. Williams further alleges that, pursuant to a company policy, Stop & Shop does not require stores to honor the lower prices listed on its website. The complaint asserts an unjust enrichment claim and claims for unfair or deceptive pricing practices under the Massachusetts Consumer Protection Act, M.G.L. c. 93A, §§ 2 and 9, and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq*. Pending before the Court is Stop & Shop's partial motion to dismiss, which seeks dismissal of only the unjust enrichment claim. Agreeing with Stop & Shop that Williams cannot pursue a claim of unjust enrichment because he has an adequate remedy at law under Chapter 93A and CUTPA, the Court will grant the motion.

## BACKGROUND

The following facts, drawn from the first amended complaint, are accepted as true for purposes of the partial motion to dismiss. *Parmenter v. Prudential Ins. Co. of Am.*, 93 F.4th 13, 18 (1st Cir. 2024).

Stop & Shop sells 8-pound bags of navel oranges. ECF 25, ¶ 1. On May 25 or 26, 2024, Williams saw on Stop & Shop's website that his local Stop & Shop, at 200 East Main Street in Stratford, Connecticut, was selling the 8-pound bag of oranges for $5.79 per unit. *Id*. ¶¶ 37-38. On May 26, Williams visited the Stratford store and saw that the same product was being sold for $8.99 per unit. *Id.* ¶¶ 37, 39. When checking out, Williams asked the store manager if the store would honor the lower price listed online. *Id.* ¶ 39. The store manager responded that Stop & Shop would not honor that price because it "was against Stop & Shop's policy." *Id.* The policy, found on the company website, states that "'[physical] stores will have no obligation to honor or match [different] price[s]'" on the website. *Id.* ¶ 27 n.3 (quoting Terms & Conditions, Stop & Shop, https://stopandshop.com/pages/terms-and-conditions (last visited Oct. 22, 2024)). Williams purchased the 8-pound bag of oranges at the higher price of $8.99 in the Stratford store. *Id*. ¶ 39.

The price discrepancies for oranges occurred at other Stop & Shop stores, including at least two in Massachusetts. *Id*. ¶ 41. Until at least June 14, 2024, Stop & Shop's in-store price for the bag of oranges was approximately $3.00 higher than the price contemporaneously advertised on the website for the same store. *Id.* ¶¶ 22-24. After June 14, Stop & Shop updated its website prices to match its in-store prices for the oranges, but it maintained its policy. *Id*. ¶¶ 42-43. Williams alleges that while he "is only aware of Stop & Shop's unfair and deceptive web pricing for the [navel oranges], it is likely that Stop & Shop engaged in the same or similar pricing practices for

other products, and further investigation and discovery in this matter may reveal evidence of such practices." *Id*. ¶ 44.

Williams filed an initial class action complaint against Stop & Shop on August 9, 2024 and an amended complaint on October 22, 2024. ECF 1, 25. He claims that Stop & Shop committed unfair and deceptive practices under the Massachusetts Consumer Protection Act, M.G.L. c. 93A, §§ 2 and 9, and CUTPA, Conn. Gen. Stat. §§ 42-110b. ECF 25, ¶¶ 60, 71. He also alleges that Stop & Shop unjustly enriched itself by charging consumers excessive prices. *Id*. ¶¶ 55-58. The amended complaint requests damages, an injunction to change the policy, restitution, disgorgement, and attorney's fees. *Id*. at 26. On November 19, 2024, Stop & Shop filed a partial motion to dismiss the request for injunctive relief under Federal Rule of Civil Procedure 12(b)(1) and to dismiss the unjust enrichment claim under Federal Rule of Civil Procedure 12(b)(6). ECF 29; ECF 30, at 1-2. After Williams filed a supplemental declaration setting forth additional facts about his intent to shop at Stop & Shop in the future, Stop & Shop withdrew its motion to dismiss Williams' request for injunctive relief for lack of standing, but did not withdraw its motion with respect to the unjust enrichment claim. ECF 41, ¶¶ 5-9; ECF 47.

## STANDARD OF REVIEW

In evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine "'whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintif[f], the complaint states a claim for which relief can be granted.'" *Cortés-Ramos v. Martin-Morales*, 956 F.3d 36, 41 (1st Cir. 2020) (quoting *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 7 (1st Cir. 2011)). The complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

3

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

## DISCUSSION

Stop & Shop contends that it is entitled to dismissal of Williams' unjust enrichment claim because Chapter 93A and CUTPA afford him adequate remedies at law. "Unjust enrichment is an equitable remedy, which 'exist[s] to supplement those available at law and not to contradict the judgments embodied in the statutes and the common law.'" *Tomasella v. Nestlé USA, Inc.*, 962 F.3d 60, 82 (1st Cir. 2020) (citation omitted). Thus, a party with an adequate remedy at law cannot also assert a claim for unjust enrichment, and the existence of a statutory claim for unfair or deceptive conduct precludes a plaintiff from bringing a parallel claim for unjust enrichment that seeks to redress the same alleged injury. *See Schuster v. Wynn MA, LLC*, 118 F.4th 30, 38 (1st Cir. 2024); *Reed v. Zipcar, Inc.*, 883 F. Supp. 2d 329, 334 (D. Mass. 2012), *aff'd* 527 Fed. App'x 20 (1st Cir. 2013). In *Tomasella v. Nestlé USA, Inc.*, for example, the First Circuit affirmed the dismissal of the plaintiff's unjust enrichment claims "because an adequate remedy at law was undoubtedly available to her through Chapter 93A." 962 F.3d at 84. Similarly, here, Williams' unjust enrichment claims must be dismissed because an adequate remedy at law is available to him through his claims for unfair or deceptive pricing practices under Chapter 93A and CUTPA.

Williams contends that Federal Rule of Civil Procedure 8(d) allows plaintiffs to plead alternative and inconsistent legal theories, such as claims for breach of contract and unjust enrichment. But courts have permitted the practice as to unjust enrichment claims only when there is "doubt on whether a breach of contract claim [is] indeed available as a legal remedy for the plaintiff." *Tomasella*, 962 F.3d at 84; *see, e.g.*, *Karter v. Pleasant View Gardens, Inc.*, 248 F. Supp. 3d 299, 311 (D. Mass. 2017) (plaintiff "pleaded she had entered a partnership with defendants, [so]

4

the breach of contract claim [was] unavailable to her"); *Chang v. Winklevoss*, 95 Mass. App. Ct. 202, 211-12 (2019) (finding error where a court dismissed unjust enrichment claim based on breach of contract claim without resolving the factual question of whether a valid contract existed). For that reason, Williams' dependence on *Lass v. Bank of America, N.A.* is misplaced. *See* 695 F.3d 129 (1st Cir. 2012). In *Lass*, the plaintiff could plead alternative claims for breach of contract and unjust enrichment because "the ambiguity in the mortgage contract" called into question the availability of a breach of contract claim as a legal remedy. *See Tomasella*, 962 F.3d at 84 (citing *Lass*, 695 F.3d at 137, 140-41). But where, as here, no such ambiguity exists as to the availability of an adequate remedy at law, the unjust enrichment claim must be dismissed. *See id.*

## CONCLUSION AND ORDER

For the foregoing reasons, Stop & Shop's partial motion to dismiss, ECF 29, is GRANTED in part and DENIED in part. Count I of the amended complaint, alleging unjust enrichment, is DISMISSED. Williams' request for injunctive relief remains.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE

Dated: May 2, 2025